[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13413

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TERRY FOUNTAIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:02-cr-00252-CG-C-1

_____

Before WILLIAM PRYOR, Chief Judge, NEWSOM and BRASHER, Circuit Judges.

PER CURIAM:

Terry Fountain appeals *pro se* the denial of his motion for a sentence reduction under section 404 of the First Step Act of 2018. Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222. We affirm.

In 2003, a jury convicted Fountain of conspiring to possess and of possessing crack cocaine with intent to distribute. 21 U.S.C. §§ 846, 841(a)(1). Fountain's presentence investigation report attributed 1.5 kilograms of cocaine to Fountain and, although he objected to the drug amount, he withdrew that objection at sentencing. The presentence report also provided a criminal history score of VI based on Fountain's prior convictions for possessing cocaine, manslaughter, possessing marijuana with intent to distribute, and third-degree assault. Based on the drug amount and Fountain's role as a manager or supervisor, he had a total offense level of 41 and a sentencing range of 360 months to life imprisonment. The district court sentenced Fountain to concurrent sentences of 360 months of imprisonment. Fountain appealed, and we affirmed. *United States v. Fountain*, 99 F. App'x 881 (11th Cir. 2004).

In 2021, Fountain moved to reduce his sentence with the assistance of counsel. Fountain argued that the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, had lowered his sentencing range of 10 years to life imprisonment to a statutory

maximum term of 20 years of imprisonment. The government opposed Fountain's motion.

The district court found that Fountain's drug crime was a "covered offense" under the First Step Act but denied him sentencing relief. The district court ruled that Fountain was "not due a reduction in sentence" "[b]ecause [he] was accountable for an amount of drugs that exceeds Section 841(b)(1)(A)'s current threshold quantity" and he "remain[ed] subject to the same statutory sentence of ten years to life imprisonment." Alternatively, the district court was "not compelled to lower Fountain's sentence" because it fell "within both his statutory penalty range and the sentencing guidelines range" and was reasonable "based on the factors set forth in 18 U.S.C. § 3553(a)." The district court "considered . . . [Fountain's] family history," "the relevant portions of the docket including the presentence investigation report," his "history of drug abuse and distributing drugs," his pattern of "criminal offenses over the course of several years [being] disturbed only by his multiple incarcerations," the "fact [he] was on probation when he committed the [drug] offenses," and "the quantity of drugs involved in [his] offense." The district court also considered "Fountain's conduct while incarcerated, including his completion of numerous education and self-rehabilitation courses and his work performance" and his "letters of support."

We review whether the district court had the authority to reduce Fountain's sentence under the First Step Act *de novo*. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020). We

review the denial of Fountain's request for a reduced sentence for abuse of discretion. *Id.* "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015) (quoting *Winthrop–Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014)).

The First Step Act gives a district court discretion to reduce the sentence of a defendant convicted on or before August 3, 2010, of a drug offense for which the "statutory penalties . . . were modified by section 2 . . . of the Fair Sentencing Act of 2010." 132 Stat. 5194, § 404(a), (b). The First Step Act makes section 2 of the Fair Sentencing Act retroactive, which increases the quantity of crack cocaine necessary to impose a mandatory minimum sentence for distributing drugs, 21 U.S.C. § 841(b)(1)(A), from 50 grams to 280 grams, Pub. L. 111-220, § 8, 124 Stat. 2372 (2010). 132 Stat. 5194, § 404(b). If the defendant is eligible for relief under section 2 of the Fair Sentencing Act and is not otherwise excluded from relief for reasons specified in the First Step Act, the district court may, but is not required to, "impose a reduced sentence as if . . . the Fair Sentencing Act . . . w[as] in effect at the time the [drug] offense was committed." *Id.* § 404(b), (c). To determine "what a movant's statutory penalty would be under the Fair Sentencing Act, the district court is bound by [the] previous finding of drug quantity that [was]

used to determine the movant's statutory penalty at the time of sentencing." *Jones*, 962 F.3d at 1303.

The district court erred in ruling that Fountain was ineligible for a sentence reduction under the First Step Act. A jury found Fountain guilty of crimes involving crack cocaine, 21 U.S.C. §§ 846, 841(a)(1), and the district court calculated Fountain's sentence using the 1.5 kilograms of cocaine attributed to him in his presentence investigation report. Section 2 of the Fair Sentencing Act, which applied retroactively to Fountain under the First Step Act, increased the quantity of crack cocaine that triggered the statutory penalty and reduced those statutory penalties. *See Jones*, 962 F.3d at 1298. So Fountain was convicted of a covered offense. And the district court could have reduced Fountain's sentence of 360 months of imprisonment under the revised guideline range. *See id.* at 1305. Fountain's base offense level decreased from 38, United States Sentencing Guidelines Manual § 2D1.1(c)(1) (Nov. 2002), to 32, *id.* § 2D1.1(c)(4), and his sentencing range decreased from 360 months to life imprisonment to 292 to 365 months of imprisonment. The district court had the authority to reduce Fountain's sentence.

The district court did not abuse its discretion when it denied Fountain's motion to reduce his sentence "in the alternative" on the merits. The district court reasonably decided to retain Fountain's original sentence of 360 months of imprisonment to promote respect for the law, to provide adequate punishment for his crimes, and to deter him from future criminal conduct that could endanger

the public. *See* 18 U.S.C. § 3553(a). Fountain challenges the drug quantity attributed to him and his classification as a career offender, but a district court may not revisit those original sentencing determinations. *See Jones*, 962 F.3d at 1303. The district court reasonably determined that the seriousness of Fountain's offenses and his criminal history disfavored a sentence reduction.

We **AFFIRM** the denial of Fountain's motion for a sentence reduction.